7 F.3d 223
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gerald GARNER, Plaintiff-Appellant,
v.
Steve DUNBAR; Jim Roberts; Jim Siemers; Julie Armstrong,
Defendants-Appellees.
 No. 93-6439.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 10, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. Bristow Marchant, Magistrate Judge. (CA-92-2620-4-3BD)
 Gerald Garner, Appellant Pro Se.
 D.S.C.
 DISMISSED AND REMANDED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Gerald Garner appeals from the recommendation of a magistrate judge pursuant to 28 U.S.C.A. § 636(b)(1) (West Supp. 1992). For the reasons below, we dismiss the appeal and remand to the district court.
 
 
 2
 On October 13, 1992, the district court adopted the recommendation of a magistrate judge and dismissed Garner's civil rights case for failure to exhaust state remedies. This Court vacated the district court's decision and remanded the case to allow the district court to determine whether the case should be dismissed without prejudice or placed in abeyance pending proof of exhaustion of state remedies.
 
 
 3
 The remanded case was referred to a magistrate judge for a report and recommendation. On March 31, 1993, the magistrate judge filed a recommendation that the action be dismissed without prejudice. A notice was attached to the report, informing Garner that he had fourteen days from March 31, 1993, to file objections to the report and that failure to do so might waive his right to appeal. Garner filed a notice of appeal within the time period for filing objections.*
 
 
 4
 Pro se pleadings are entitled to a liberal construction. Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Thus, a notice of appeal filed within the objection period may be construed as an objection to the magistrate's report, requiring appropriate review by the district court, see 28 U.S.C.s 636(b)(1), and preserving appellate review in this Court. See United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).
 
 
 5
 We dismiss the appeal for lack of jurisdiction and remand to the court with instructions to construe the notice of appeal as an objection to the magistrate's report and conduct the appropriate review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED AND REMANDED WITH INSTRUCTIONS
 
 
 *
 See Fed. R. Civ. P. 72(b); Fed. R. Civ. P. 6(a), (e); Thompson v. Rasberry, 993 F.2d 513 (5th Cir. 1993) (applying Houston v. Lack, 487 U.S. 266 (1988), to filing of objections)